## PICKETT *v.* PICKETT.

[No. 368A32.  Filed October 29, 1969.  No petitions for rehearing or transfer filed.]

*F. Wendell Lensing, Ralph E. Moore* and, of counsel, *Lensing & Lensing,* all of Evansville, and *George S. Clay,* Henderson, Kentucky, for appellant.

*John D. Rawlings, Schmidt and Rawlings,* of Evansville, for appellee.

HOFFMAN, Judge.—This appeal arose from a decision adverse to appellant (defendant below) imposing upon him the duty to support his mother, appellee herein, pursuant to the

mandate of Acts 1947, ch. 82, § 1, p. 249, Burns Ind. Stat., Anno., § 3-3001, which reads as follows:

"Legal civil duty of children to support parents—Conditions.

"Any person being over twenty-one [21] years of age and who is financially able by reason of his or her own property, income or earnings, and who has been provided with necessary food, shelter, clothing, medical attention, and education until he was sixteen [16] years of age if a male, or seventeen [17] years of age if a female, by his or her father or mother, shall have the legal civil duty to contribute to the support of his or her parent or parents having so furnished such food, shelter, clothing, medical attention and education, if such parent or parents be financially unable to furnish themselves with necessary food, clothing, shelter and medical attention."

The pertinent facts established in the record are as follows:

Appellant was the only child born of the marriage of appellee and Melburn J. Pickett, now deceased. In 1951 appellee and Mr. Pickett entered into a separation agreement and in 1951 an absolute divorce was granted. At that time appellant was 17 years of age. Custody of appellant was granted to the father, however, the decree specified that appellant could choose which parent with whom he wished to live.

In 1962 appellant's father died leaving an estate of approximately $238,000 to appellant, mostly in trust. There were no other beneficiaries of the estate. Appellant has lived in Waverly, Kentucky, since 1962. Appellant owned, or owns, several properties in Vanderburgh County which were fruits of his inheritance.

Appellee is a practical nurse and following her divorce she moved to Florida where she lived with a sister until her marriage to one George Harvey in 1954 in Evansville, Indiana. They returned to Florida and in 1957 appellee separated from Mr. Harvey. In 1958 she was granted a final decree of divorce in Florida.

Following the death of Mr. Pickett, appellant notified appel-

lee of his death. Shortly thereafter, appellee returned to Evansville and moved into a house formerly owned by her first husband. In fact, the house had been passed by inheritance to appellant who had, in turn, deeded it over to his mother-in-law in consideration of the care, food and lodging she had provided for his wife and him. The mother-in-law had appellee evicted from the house. Appellee then began moving from the home of one relative or friend to another and appeared to be both destitute and dependent for care. Appellee suffered from arthritis of the spine and alcoholism.

In her complaint appellee alleged that she was destitute and in need of care; that she had provided appellant with the necessities of life until after he reached the age of 16; and that appellant had the financial ability to support her.

Appellant raises two issues on this appeal: 1) that the trial court improperly exercised jurisdiction over him since he is not a resident of Indiana, and that jurisdiction of the subject-matter can never be waived; and 2) that appellee failed to meet the statutory requisites which would entitle her to support.

Point One above raises two separate considerations: a) that the Superior Court of Vanderburgh County erroneously exercised jurisdiction over the person of defendant-appellant; and b) that the Superior Court of Vanderburgh County erroneously exercised jurisdiction over the subject-matter of the action.

Appellant properly preserved the issue relative to service of process by timely filing his plea in abatement. We cannot agree with his contention, however, that the service was invalid.

The original summons, with complaint attached, was delivered to 5025 Bellemeade Avenue, Evansville, Indiana, and the return noted it was left at "the last and usual residence and place of abode" of appellant. Appellant, by his attorney, specially appeared and filed his plea in abatement alleging

that he was a non-resident of Indiana, and that he had never been served.

Thereafter, on appellee's motion, an alias summons was issued and personal service was obtained on appellant at his place of employment, the Vanderburgh County Public Welfare Office. Appellant accepted service in Vanderburgh County on the 9th day of January, 1964, and signed the return acknowledging personal service.

A second plea in abatement was filed alleging that the plaintiff-appellee was a non-resident of Indiana.

Acts 1881 (Spec. Sess.), ch. 38, § 35, p. 240, as last amended by Acts 1963, ch. 164, § 1, p. 195, Burns Ind. Stat., Anno., § 2-707, specifically provides that an action may be commenced in any county in this State where a non-resident may be found. In personam jurisdiction is acquired unless the person enters this State under duress or by some fraudulent means.

From the record before us, there is no question that personal service was made on the defendant and the Vanderburgh Superior Court acquired jurisdiction over him. There was no error in the ruling on the plea in abatement.

As to the second contention raised in Point One, we can find no basis for the argument. The Superior Court of Vanderburgh County was created by Acts 1877, ch. 34, § 1, p. 52,[1] Burns Ind. Stat., Anno., § 4-2901.

Section 10 of the Act (Burns Ind. Stat., Anno., § 4-2910), conferred general civil jurisdiction on the Superior Court of Vanderburgh County and that obviously includes the power to obtain jurisdiction over an express statutory cause of action, i.e., § 3-3001, *supra*. Appellant's abstract contention is correct—a court can never waive jurisdiction of the subject which it has the authority to hear. But such is not the issue in the instant case and there is no error.

---

[1] Acts 1969, ch. 92, repealed the Vanderburgh Superior Court Act pursuant to a court reorganization plan for that county. At all times pertinent hereto, the Act was in full force and effect.

Also, there is sufficient evidence in the record before us from which the trial court could properly find that appellee was a resident of the State of Indiana and she was, therefore, entitled to prosecute this action.

Finally, we are confronted with a question of both statutory interpretation and sufficiency of evidence.

The statute (§ 3-3001, *supra*) establishes the following express requisites as a basis for recovery:

1. The defendant must be over 21 years of age;
2. The defendant must be financially able by reason of his property, income, or earnings to contribute to the support of the parent;
3. The plaintiff must have provided the defendant with the necessary food, shelter, clothing, medical attention and education until he was 16 years of age;
4. The plaintiff is financially unable to furnish herself with necessary food, clothing, shelter and medical attention.

There have been no Indiana cases defining or limiting the discretionary provisions of the statute. As the statute now exists it provides a large and flexible discretionary base on which the trial court may set its own limits.

Traditionally, statutes in derogation of the common law have been strictly construed, however, to do so in the instant case would be to overlook the remedial nature of the statute. We believe the intent of the General Assembly, as evidenced by the discretionary nature of the statute, was to relieve the general public of liability for support of those individuals who have children financially able to contribute to their maintenance and support and, thus, it should be liberally construed.

The two basic concerns are the financial need of the parent and the ability of the child to pay. Both are, and must remain, very subjective determinations. Financial ability must be determined by the individual circumstances present in each case. Likewise, financial need must be determined in each case according to the individual circumstances.

560

Financial need is the factual basis on which the duty is rested. Thus, the duty to support a parent financially unable to support himself, or herself, remains in the jurisdiction where that need arose. The public policy expressed in the Act dictates such a conclusion.

Our review of the record before us discloses that there was sufficient evidence from which the trial court could properly find that plaintiff-appellee was entitled to support *contributions* from appellant, and that there was no error in the judgment of the trial court.

Judgment affirmed. Costs taxed against appellant.

Pfaff, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 684.